WRIGHT, FINLAY & ZAK, LLP
Sanford Shatz, Esq, SBN 127229
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 608-9142
tchvat@wrightlegal.net

Attorneys for Defendant, E MORTGAGE CAPITAL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STACEY FRATER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 8:26-cv-00884-CV-JDE<br><br>**ANSWER TO COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>Complaint filed: April 13, 2026 |

Defendant E MORTGAGE CAPITAL, INC. ("Defendant") hereby answers the Complaint of Plaintiff STACEY FRATER, individually, and on behalf of all others similarly situated (collectively, "Plaintiff"), as follows:

## CLASS ACTION COMPLAINT

1. Answering Paragraph 1, Defendant lacks sufficient information to admit or deny the allegations contained therein, and on that basis, denies them.

## NATURE OF THE ACTION

2. Answering Paragraph 2, Defendant generally and specifically denies that it has engaged in any unlawful conduct. As to the remainder of Paragraph 2,

no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

3. Answering Paragraph 3, Defendant denies, generally and specifically, the allegation of “Defendant’s transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers’ consent or privacy rights.” As to the remainder of Paragraph 3, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

4. Answering paragraph 4, Defendant admits the allegations therein.

5. Answering Paragraph 5, Answering Paragraph 5, Defendant denies, generally and specifically, the allegations contained therein.

6. Answering Paragraph 6, Defendant denies the factual allegation that it has engaged in any unlawful conduct. As to the remainder of Paragraph 6, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

## JURISDICTION AND VENUE

7. Answering Paragraph 7, Defendant admits that the Court has federal question subject matter jurisdiction over this action. Except as expressly admitted herein, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

8. Answering Paragraph 8, Defendant admits that the Court has personal jurisdiction over Defendant but generally and specifically denies the

remainder of the allegations contained therein and particularly denies that this Court is the proper venue as neither Plaintiff nor the texts at issue have any connection with California as Plaintiff admits she is a Florida resident and the texts appear to have originated from the 573 area code per the Complaint.

## PARTIES

9. Answering Paragraph 9, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

10. Answering Paragraph 10, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

11. Answering Paragraph 12, Defendant admits the allegations contained therein.

12. Answering Paragraph 12, Defendant admits the allegations contained therein.

13. Answering Paragraph 13, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

## FACTUAL ALLEGATIONS

14. Answering Paragraph 14, Defendant admits the allegations contained therein.

15. Answering Paragraph 15, Defendant admits that the referenced text messages appear to have been sent to Plaintiff. Except as expressly admitted herein, Defendant generally and specifically denies the remaining allegations therein.

16. Answering Paragraph 16, Defendant admits that the referenced text messages appear to have been sent to Plaintiff on the dates indicated therein. Except as expressly admitted herein, Defendant generally and specifically denies the remaining allegations therein.

17. Answering Paragraph 17, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions regarding “telemarketing”.

18. Answering Paragraph 18, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions regarding “telemarketing”.

19. Answering Paragraph 19, Defendant denies, generally and specifically, the allegations contained therein.

20. Answering Paragraph 20, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis. Additionally, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

21. Answering Paragraph 21, Defendant admits the allegations therein.

22. Answering Paragraph 22, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

23. Answering Paragraph 23, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

24. Answering Paragraph 24, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

25. Answering Paragraph 25, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

26. Answering Paragraph 26, Defendant lacks information and belief sufficient to admit or deny the allegations therein and denies them on that basis.

27. Answering Paragraph 27, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather

legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

28. Answering Paragraph 28, Defendant denies, generally and specifically, that the referenced telephone number is owned and operated by it. Defendant lacks information and belief sufficient to admit or deny the remaining allegations therein and denies them on that basis

29. Answering Paragraph 29, Defendant denies the factual allegation that it has engaged in any unlawful conduct. As to the remainder of Paragraph 29, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

30. Answering Paragraph 30, Defendant denies the factual allegation that it has engaged in any unlawful conduct. As to the remainder of Paragraph 30, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

## CLASS ALLEGATIONS

**Proposed Class**

31. Answering Paragraph 31, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

32. Answering Paragraph 32, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

33. Answering Paragraph 33, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather

legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**Numerosity**

34. Answering Paragraph 34, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

35. Answering Paragraph 35, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**Common Questions of Law and Fact**

36. Answering Paragraph 36, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

37. Answering Paragraph 37, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**Typicality**

38. Answering Paragraph 38, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**Protecting the Interests of the Class Members**

39. Answering Paragraph 39, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather

legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**Proceeding Via Class Actions is Superior and Advisable**

40. Answering Paragraph 40, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

41. Answering Paragraph 41, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

42. Defendant incorporates its responses to Paragraphs 1 – 41 in this Answer as though set forth herein.

43. Answering Paragraph 43, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

44. Answering Paragraph 44, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

45. Answering Paragraph 45, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

46. Answering Paragraph 46, Defendant cannot admit or deny the allegations therein as this paragraph contains no factual allegations but rather legal conclusions referencing Code sections, case law, and/or regulatory publications which speak for themselves.

47. Answering Paragraph 47, Defendant denies, generally and specifically, the allegations contained therein.

48. Answering Paragraph 48, Defendant denies, generally and specifically, the allegations contained therein.

49. Answering Paragraph 49, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

**COUNT II**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the class)**

50. Defendant incorporates its responses to Paragraphs 1 – 41 in this Answer as though set forth herein.

51. Answering Paragraph 51, Defendant denies, generally and specifically, the allegations contained therein.

52. Answering Paragraph 52, Defendant denies, generally and specifically, the allegations contained therein.

53. Answering Paragraph 53, Defendant denies, generally and specifically, the allegations contained therein.

54. Answering Paragraph 54, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

55. Answering Paragraph 55, no factual allegations are alleged but rather legal conclusions as to the relief Plaintiff seeks. As such, Defendant lacks

sufficient information to admit or deny the remaining allegations contained therein, and on that basis, denies them.

**AS FOR ITS SEPARATE AND AFFIRMATIVE DEFENSES, DEFENDANT HEREBY ALLEGES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

As a first, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Suffered No Damages)**

As a second, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff's claims and the putative class members' claims are barred because none of them suffered actual damages as a result of the allegations in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

As a third, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, any alleged act or omission by Defendant was not the proximate cause of the injuries and/or damages claimed by Plaintiff or the putative class members.

**FOURTH AFFIRMATIVE DEFENSE**

**(Defendant Acted in Good Faith and in Compliance with Applicable Law)**

As a fourth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant is excused from any and all liability under the facts alleged in Plaintiff's and the putative class members'

claims for relief, because at all material times, Defendant acted in good faith and in compliance with the applicable law, and/or its conduct was unintentional, including, but not limited to, Defendant had a good faith belief consent had been provided by Plaintiff and/or the putative class members.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Standing)**

As a fifth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff lacks standing to bring claims under 47 U.S.C. § 227 and/or 47 C.F.R. § 64.1200. Further, members of the putative classes likewise lack standing to assert claims against Defendant. See *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Excuse, Justification/Privilege, Consent, Waiver/Ratification)**

As a sixth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant's conduct was excused, justified and/or privileged, and/or Plaintiff and the putative class members consented to the communications at issue (including by playing along or feigning interest in obtaining a loan), and/or waived/ratified such conduct.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Third-party Conduct)**

As a seventh, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff's and the putative class members' damages, if any, were caused by Plaintiff, the putative class members, or third-parties other than Defendant, and Defendant has no direct or vicarious liability for any such conduct.

// //

// //

// //

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Join)**

As an eighth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff and the putative class members have failed to join the required party defendants under F.R.C.P., Rule 19.

**NINTH AFFIRMATIVE DEFENSE**

**(F.R.C.P., Rule 23)**

As a ninth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff cannot maintain this action as a class action because the requirements of F.R.C.P., Rule 23 cannot be satisfied.

**TENTH AFFIRMATIVE DEFENSE**

**(TCPA Exemptions)**

As a tenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, the contacts referenced in the Complaint are not actionable under the TCPA because one, or more, of the TCPA's explicit exemptions apply to the contacts, including, but not limited to, those exemptions set forth in 47 U.S.C. § 227 and/or 47 C.F.R. § 64.1200.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unconstitutional)**

As a eleventh, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, the TCPA violates: (1) the First Amendment to the United States Constitution because (a) such application relies upon content-based restrictions of protected speech (see, *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015)), and (b) it is an unconstitutional regulation of free speech, both on its face and as applied; and (2) the due process provisions of the United States Constitution and/or California Constitution,

including, but not limited to, the Eighth Amendment to the United States Constitution, regarding the imposition of statutory damages and/or exemplary, punitive, and/or treble damages, and/or "excessive fines" (see, *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) [quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)]: Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offence and obviously unreasonable."), since the alleged violations—"making" a call to a cell phone that may or may not have been connected, received, or answered—causes de minimis or no actual harm and imposition of a $500.00 or $1,500.00 per call penalty or punishment is plainly excessive and, when taken in the aggregate, may result in disproportional damages to the conduct alleged.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Statutory Violation)**

As a twelfth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff's claims and the claims for the members of the putative class fail as a matter of law as no violation of 47 USC § 227 or 47 C.F.R. § 64.1200(d)(3) has occurred as texts are not properly within the scope of the TCPA and by virtue of the express safe harbor provision contained in the FCC regulation.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Technical Error/Corrective Action Taken)**

As a thirteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Plaintiff's claims and the claims for the members of the putative class fail as any alleged failure to honor an opt-out request was due to an inadvertent technical error, whereby immediate and appropriate action was taken to correct the issue once identified.

// //

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Jurisdiction As to Non-California Residents)**

As a fourteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, the Court lacks personal jurisdiction over Defendant for claims by purported class members who have no connection to California, including because the purported class members do not reside in California or did not receive the alleged calls in California. Accordingly, no class can be certified that includes non-California class members.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

As a fifteenth, separate and distinct defense to each and every claim for relief asserted against Defendant in the Complaint, Defendant is informed and believes that Plaintiff's claims and the claims for the members of the putative class are barred in whole or in part as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;
2. That no class be certified;
3. For costs of suit; and
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP,

Dated: July 2, 2026

By: ***/s/ Sanford Shatz***
Sanford Shatz, Esq.
Attorneys for Defendant,
E MORTGAGE CAPITAL, INC.

**PROOF OF SERVICE**
***U.S.D.C. Case* 8:26-cv-00884**

I, Kim Walsh, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July 2, 2026, I served the within **ANSWER TO COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)** on all interested parties in this action as follows:

[ ] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ] (BY OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by FedEx Overnight with the delivery fees provided for.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2026 at Newport Beach, California.

*/s/ Kim Walsh*
Kim Walsh

**SERVICE LIST**
***U.S.D.C. Case No.* 8:26-cv-00884**

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*